UNITED STATES DISTRICT COURT
WESTINGDISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

| | |
|---|---|
| FRED HUSTON-DARNELL CHANDLER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| STATE OF MICHIGAN, et al., | ) ) ) |
| Defendants. | ) ) ) |

Case No. 1:18-cv-1289

Honorable Paul L. Maloney

## REPORT AND RECOMMENDATION

This is a civil action brought *pro se* by Fred Chandler under 42 U.S.C. § 1983. This lawsuit arises from a November 2018 decision of the Muskegon County Circuit Court, Family Division, approving the removal of a minor child from plaintiff's home. Plaintiff named the State of Michigan, Michigan Department of Health and Human Services, Child Protective Services, and three of its child welfare workers, Unknown Paschal, Lacie Wierengo, and Tamika Davis, as defendants.

Plaintiff's complaint is divided into two counts: (1) "Conspiracy, Extortion, unlawful coercion, gender and/or sex discrimination, intentional infliction of emotional distress, abuse and negligence of official power, freedom of association, defamation of character, due process and cruel and unusual punishment"; and (2) "defendants' policies, guidelines, procedures, and practices are unconstitutional." (ECF No. 1, PageID.2). Plaintiff seeks an injunction "preventing defendants from continuing to deprive him of custody of his child," a declaration that the "state law,

policy and procedures used to deprive plaintiff of his child be deemed unconstitutional," and an award of damages. (*Id.* at PageID.8).

Plaintiff brings this case *pro se* and is proceeding *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 5). This action is subject to judicial screening under 28 U.S.C. § 1915(e)(2), which provides that the court "shall dismiss a case if the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." *Vaughn v. Common Pleas Ct. of Montgomery Cty., Ohio*, No. 16-4282, 2017 WL 5514436, at *1 (6th Cir. May 4, 2017).

For the reasons set forth herein, I recommend that this lawsuit be dismissed for lack of subject matter jurisdiction. Alternatively, I recommend that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it seeks relief against defendants entitled to immunity, and it fails to state any federal claim upon which relief can be granted. I further recommend that the Court, in the exercise of its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims. I further recommend that the Court find no good-faith basis for appeal.

## **Allegations**

Plaintiff is a resident of Muskegon Heights, Michigan. He is the father of a minor child. Unknown Paschal, Lacie Wierengo, and Tamika Davis are child welfare workers for the Michigan Department of Health and Human Services, Child Protective Services. (ECF No. 1, PageID.1-2).

On July 1, 2018, Unknown Paschal asked plaintiff to provide an address for Swanda Smith, the minor child's mother. Plaintiff refused. Ms. Paschal returned, this time accompanied by local law enforcement officers. The child was temporarily placed in the custody of her grandfather, Harvey Sims, Jr. On July 11, 2018, the child was returned to plaintiff's custody. Plaintiff states that "defendants did not provide [him with] any information regarding rules of custody." (*Id.*, PageID.3).

On July 25, 2018, Tamika Davis met with plaintiff and related that her supervisor wanted plaintiff to know that he was eligible to file for custody of the child.[1] Plaintiff responded that he was aware that he could seek custody, and that he planned to do so. About twenty minutes after this meeting ended, Swanda Smith called plaintiff on the telephone and expressed her displeasure that plaintiff was planning to seek custody of their child. (*Id.*, PageID.3-4).

On July 26, 2018, Ms. Davis came to plaintiff's home based on a report that there had been drug use in the home. Plaintiff and his ex-girlfriend were required to submit to a drug screen. On July 30, 2018, plaintiff was informed that his ex-girlfriend tested positive for cocaine use. On August 3, 2018, Ms. Davis related that her supervisor indicated that, if plaintiff did not sign a safety plan, Child Protective Services would seek removal of the child from the home. On October 11, 2018, plaintiff was informed that he had tested positive for cocaine use. On October 17, 2018, plaintiff's drug test was negative. On November 5, 2018, Lacie

---

[1] On October 17, 2017, plaintiff was released from prison on parole. (ECF No. 1, PageID.6).

Wierengo met with plaintiff and took physical custody of the child. (*Id.*, PageID.4-5).

On November 6, 2018, the Muskegon County Circuit Court granted Ms. Wierengo's petition for removal of the minor child. The court identified illegal substance use, violation of a previously agreed upon safety plan, an inability to maintain cleanliness of the child, and violation of an alternative caregiver policy, as reasons why it was ordering the child removed. Plaintiff claims that the allegations pertaining to the deprivation of his child are false, exaggerated, frivolous, or untrue. (*Id.*, PageID.5-7).

On November 13, 2018, Tamika Davis generated a custody-related document, which contains a reference to plaintiff's criminal history. (*Id.*, PageID.5). Plaintiff was "discharged from parole on October 17, 2018." (*Id.*, PageID.6).

## Discussion

### I. Jurisdiction

Federal courts are courts of limited jurisdiction, which may exercise only those powers authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541(1986*).* Plaintiff has the burden of proving this court's jurisdiction. *See Giesse v.*

*Secretary of Dep't of Health & Human Servs.*, 522 F.3d 697, 702 (6th Cir. 2008).

This court does not possess appellate oversight authority over Michigan's courts. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The recourse available to plaintiff in response to an adverse decision of a state circuit court was an appeal to the Michigan Court of Appeals, an application for leave to appeal to the Michigan Supreme Court, and if necessary, a petition to the United States Supreme Court for a writ of certiorari.

Further, for more than a century and a half, the Supreme Court has held that the federal courts lack jurisdiction over questions of divorce, alimony, or child custody. *See Barber v. Barber*, 62 U.S. (21 How.) 582, 584 (1858). "Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981). "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890); *see Partridge v. Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003) ("Federal courts have no jurisdiction to resolve domestic relations disputes involving child custody or divorce."); *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2004) ("[F]ederal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues."). This court is powerless to address questions relating to the custody of plaintiff's minor child. Accordingly, I recommend that plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

## II. Alternative Grounds for Dismissal

### A. Standing

Extortion is among the claims listed in Count I of plaintiff's complaint. Extortion is a crime. *See* 18 U.S.C. § 1951(b)(2); MICH. COMP. LAWS § 750.213. Plaintiff lacks standing to enforce criminal statutes. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Booth v. Henson*, 290 F. App'x 919, 921 (6th Cir. 2008); *see also McCloud v. Hurley*, No. 06-13635, 2006 WL 2404492, at *1-2 (E.D. Mich. Aug. 18, 2006) (dismissing plaintiff's purported claims for extortion and other crimes as frivolous under 28 U.S.C. § 1915(e)(2)).

### B. Eleventh Amendment Immunity

Plaintiff's claims against the State of Michigan, Michigan Department of Health and Human Services, Child Protective Services are barred by Eleventh Amendment immunity. "It is a fundamental principle of our federalism that the Eleventh Amendment bars suit against a state or one of its agencies in federal court without its consent." *Salt Lick Bancorp v. FDIC*, 187 F. App'x. 428, 442 (6th Cir. 2006). This is true regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1964). The State of Michigan and its departments and divisions have not waived Eleventh Amendment immunity. S*ee Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir. 1994).

All plaintiff's claims for damages against the Child Protective Services worker defendants in their official capacities are barred by Eleventh Amendment immunity. Defendants Paschal, Wierengo, and Davis are state employees. *See Jamison v. Child*

*Protective Servs.*, No. 1:17-cv-559, 2017 WL 4510629, at *2 (W.D. Mich. Oct. 10, 2017) (collecting cases); *Davis v. St. Joseph Cty. Dep't of Human Servs.*, No. 1:08-cv-16, 2009 WL 782313, at *3 (W.D. Mich. Mar. 19, 2009). A suit against a state officer in her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

    C.    <u>Absolute Quasi-judicial and Prosecutorial Immunity</u>

Plaintiff has not alleged facts against child welfare workers Paschal, Wierengo, and Davis that would place their actions outside the scope of absolute quasi-judicial or prosecutorial immunity. Social workers are absolutely immune from actions that are "intimately associated" with the judicial phase of proceedings relating to the welfare of the child. *See Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 422 (6th Cir. 2001). This quasi-judicial immunity bars any claim against defendants based on their function of advising the court regarding the best interests of the child, even if they were incorrect in their assessments. *See Rippy*, 270 F.3d at 422-23.

It is well established that social workers initiating child custody proceedings are entitled to prosecutorial immunity. *See Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 724-25 (6th Cir. 2011); *see also Bauch v. Richland Cty. Children Servs.*, 733 F. App'x 292, 297 (6th Cir. 2018) (Absolute immunity "must be given to a children's services advocate as the initiator of home-removal actions; any lesser protection would jeopardize the essential process that has been established to provide protection to those children who need it most.").

D.     Failure to State a Claim

Even assuming that plaintiff could overcome defendants' immunity, he has not alleged facts sufficient to state any federal claim against defendants.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws, and he must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Rhinehart v. Scutt*, 894 F.3d 721, 735 (6th Cir. 2018).

Plaintiff claims that defendants' "threat[s], abuse and negligence violate both the [Eighth Amendment[']s prohibition] against cruel and unusual punishment and the [D]ue Process [C]lause of the [Fourteenth] Amendment."  (Compl. ¶ 24, ECF No. 1, PageID.6).  Plaintiff's reliance on the Eighth Amendment's Cruel and Unusual Punishments Clause is misplaced because it limits "criminal punishments." *Ingraham v. Wright*, 430 U.S. 651, 668-69 (1977).

Plaintiff did not plead facts sufficient to support a due process claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The Sixth Circuit has held that a threat to initiate removal proceedings does not violate the Fourteenth Amendment.[2]  *See Smith v. Williams-Ash*, 520 F.3d 596, 600 (6th Cir.

---

[2] Plaintiff's complaint contains a passing reference to the First Amendment.  (Compl. ¶ 26, ECF No. 1, PageID.6).  Plaintiff does not enjoy any greater protection under the First Amendment's right to family association.  Claims like plaintiff's are "better considered" under the Fourteenth Amendment's Due Process Clause.  *See Kolley v. Adult Protective Sers.*, 725 F.3d 581, 587 (6th Cir. 2013).

2008); *see also Schattilly v. Daugharty*, 656 F. App'x. 123, 130 (6th Cir. 2016) ("[O]fficials do not violate clearly established . . . Fourteenth Amendment rights by threatening removal proceedings in order to secure parents' consent to the temporary placement of their children."). Further, the Muskegon County Circuit Court judge determination was the ultimate decision maker regarding custody, not the individual defendants.³ *See Barber v. Miller*, 809 F.3d 840, 848 (6th Cir. 2015).

E. <u>Supplemental Jurisdiction</u>

Plaintiff asks the court to exercise supplemental jurisdiction over state-law claims. Under 28 U.S.C. § 1367, a district court has broad discretion to decide whether to exercise jurisdiction over state law claims. *Smith v. Erie Cty. Sheriff's Dep't*, 603 F. App'x 414, 424 (6th Cir. 2015). "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Ismaiyl v. Brown*, No. 16-4308, 2018 WL 2273671, at *3 (6th Cir. Mar. 22, 2018) (The district court "properly declined to exercise supplemental jurisdiction" over state-law claims after it dismissed all plaintiff's federal claims stemming from a child custody dispute.). There is no reason in this case to depart from the general rule.

---

³ Issue preclusion prevents plaintiff from "relitigating the factual underpinnings of the state-court order." *Jamison v. Child Protective Servs.*, 2017 WL 4510629, at *4.

F.      <u>Absence of a Good Faith Basis for Appeal</u>

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the reasons I recommend dismissal of the complaint, I also recommend that, should the Court dismiss the action, it also find that there is no good-faith basis for an appeal.

## Recommended Disposition

For the foregoing reasons, I recommend that this lawsuit be dismissed for lack of subject matter jurisdiction. Alternatively, I recommend that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it seeks relief against defendants entitled to immunity and it fails to state any federal claim upon which relief can be granted. I further recommend that the Court, in the exercise of its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims. I further recommend that the Court find no good-faith basis for appeal.

Dated: January 8, 2019 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).